UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

MIN KYUNG KU,

                   Plaintiff,

       -against-

MB GALLERY INC. and JIN KANG,

                  Defendants.

----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
20-CV-3486 (EK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Min Kyung Ku ("Plaintiff") initiated this action on August 3, 2020 against Defendants MB Gallery Inc. and Jin Kang. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff alleges he is owed damages for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* (*Id.*; *see also* Amended Complaint ("Am. Compl."), ECF No. 16.) On May 23, 2022, Plaintiff filed a notice of voluntary dismissal, which the Honorable Eric R. Komitee construed as a request for dismissal by court order pursuant to Federal Rule of Civil Procedure 41(a)(2) and referred to the undersigned Magistrate Judge for a report and recommendation. (Notice of Voluntary Dismissal, ECF No. 26; June 9, 2022 ECF Order.)

For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims be dismissed without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. This action commenced on August 3, 2020. (Compl., ECF No. 1.) Plaintiff alleges that he worked as

an employee at Defendants' store from January 2017 until September 14, 2019, but "was not paid at all" in 2017 and underpaid for the remainder of his employment. (Am. Compl., ECF No. 16, ¶¶ 6–14, 19, 29–32.) On October 1, 2021, in light of the parties' status report indicating that Plaintiff preferred to return to mediation before engaging in depositions, the Court referred the case to the FLSA Mediation Panel for a second time. (Sept. 30, 2021 Status Report, ECF No. 19; Oct. 1, 2021 ECF Mediation Referral Order; *see also* Oct. 15, 2020 ECF Mediation Referral Order.) However, on November 3, 2021, defense counsel informed the Court that Defendants had stopped paying their legal fees and that individual Defendant Jin Kang had "made it clear that she would not proceed with the mediation as she is not able to pay any related costs such as mediator's fee due to her extreme financial difficulties." (Defs.' Nov. 3, 2021 Letter, ECF No. 20.) Defense counsel subsequently moved to withdraw as attorneys for Defendants, and on January 12, 2022, following a telephonic hearing during which Defendant Kang appeared quite ill, the Court granted counsel's motions to withdraw. (*See* Nov. 30, 2021 ECF Minute Entry and Order; Choi Mot. to Withdraw, ECF No. 22; Eom Mot. to Withdraw, ECF No. 23; Jan. 12, 2022 ECF Minute Entry and Order.)

Also on January 12, 2022, the Court ordered the parties to outline the next steps in the case by February 18, 2022. (Jan. 12, 2022 ECF Minute Entry and Order.) On February 18, 2022, Plaintiff filed a letter indicating that the parties had not been able to confer and requesting additional time. (Pl.'s Feb. 18. 2022 Letter, ECF No. 25.) In response, on February 22, 2022, the Court directed the parties to file a joint status report by April 8, 2022. (Feb. 22, 2022 ECF Order.) The parties then failed to file such a report, prompting the Court to schedule a status conference for May 11, 2022. (Apr. 13, 2022 ECF Order.) *Pro se* Defendant Jin Kang did not attend the May 11, 2022 conference. (May 11, 2022 ECF Minute Entry and Order.) During the conference, Plaintiff's counsel

represented that due to Defendant Kang's non-responsiveness, Plaintiff intended to seek dismissal of the case. (*Id.*; May 11, 2022 Tr., ECF No. 27, at 3:2–14.) Specifically, Plaintiff's counsel stated that Plaintiff had decided the case is "not really worth pursuing further," and that he was "going to dismiss the case." (May 11, 2022 Tr., ECF No. 27, at 3:9–11.)

On May 23, 2022, Plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), seeking to voluntarily dismiss the action without prejudice. (Notice of Voluntary Dismissal, ECF No. 26.) On June 9, 2022, Judge Komitee found that because Defendants had filed an answer to Plaintiff's amended complaint, Rule 41(a)(1)(A)(i) did not apply and that Plaintiff's filing should instead be construed as a request for dismissal by court order under Rule 41(a)(2). (June 9, 2022 ECF Order (citing Defs.' Answer, ECF No. 18).) Judge Komitee referred Plaintiff's request to the undersigned for a report and recommendation, and further directed the parties to file letters setting forth their positions on whether voluntary dismissal under Rule 41(a)(2) is appropriate. (*Id.*) On June 23, 2022, Plaintiff's counsel filed a letter affirming that he had been unable to reach Defendant Kang for her to sign a stipulation of dismissal. (Pl.'s June 23, 2022 Letter, ECF No. 28.) Counsel also confirmed that "[n]o settlement of any kind was reached" and that Plaintiff "simply wishes to discontinue the case" in light of the costs of continuing litigation and the uncertainty of recovering damages "even if he were to receive a judgment." (*Id.*) Defendant Kang did not file a letter in response to the Court's orders. (*See* June 9, 2022 ECF Order; June 22, 2022 ECF Order.)

For the reasons discussed below, the Court respectfully recommends that Plaintiff's claims be dismissed without prejudice.

## DISCUSSION

### I.    Legal Standards

####    A.  Dismissal Under Federal Rule of Civil Procedure 41

Generally speaking, Federal Rule of Civil Procedure 41 governs case dismissal. *See* Fed. R. Civ. P. 41. A plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, or by filing a stipulation of dismissal that is signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant or deny a request for dismissal made pursuant to Rule 41(a)(2) is "'within the sound discretion of the trial court.'" *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quoting 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.)). "'Unless the order states otherwise,' such a dismissal 'is without prejudice.'" *Id.* (quoting Fed. R. Civ. P. 41(a)(2)). In addition, as a general rule, "a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)); *see also Element Works USA, LLC v. Shemia*, No. 19-CV-5268 (ENV) (SJB), 2022 WL 877795, at *2 (E.D.N.Y. Mar. 15, 2022) ("[A] court's primary concern is the possibility of prejudice to the defendant."); *Ascentive, LLC v. Opinion Corp.*, No. 10-CV-4433 (ILG) (SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012).

Within the Second Circuit, "'[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper.'" *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120,

123 (2d Cir. 2006)); *see also GFE Glob. Fin. & Eng'g Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D.
31, 36 (E.D.N.Y. 2013). The first line "'indicates that such a dismissal would be improper
if the defendant would suffer some plain legal prejudice other than the mere prospect of
a second lawsuit.'" *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123) (internal
quotation marks omitted). The second line "'indicates that the test for dismissal without
prejudice involves consideration of various factors, known as the *Zagano* factors.'" *Id.* at
230 (quoting *Camilli*, 436 F.3d at 123) (citing, *inter alia*, *Zagano v. Fordham Univ.*, 900 F.2d
12, 14 (2d Cir. 1990)). The *Zagano* factors include: "[(1)] the plaintiff's diligence in
bringing the motion; [(2)] any 'undue vexatiousness' on plaintiff's part; [(3)] the extent
to which the suit has progressed, including the defendant's effort and expense in
preparation for trial; [(4)] the duplicative expense of relitigation; and [(5)] the adequacy
of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14.

## B. Dismissal of FLSA Claims

In the context of cases where plaintiffs allege claims under the FLSA, courts also
scrutinize requests for dismissal to ensure that the remedial purposes of the FLSA are
not being circumvented. For example, it is well established in the Second Circuit that
stipulated dismissals of FLSA claims under Rule 41(a)(1)(A)(ii) are subject to court
approval or Department of Labor supervision. *See Cheeks v. Freeport Pancake House, Inc.*,
796 F.3d 199, 206 (2d Cir. 2015). In addition, in *Samake v. Thunder Lube, Inc.*, the Second
Circuit recently held that "the FLSA limits the automatic operation of Rule
41(a)(1)(A)(i), which concerns unilateral dismissals . . . ." 24 F.4th 804, 807 (2d Cir. 2022).
Accordingly, in *Samake*, the court of appeals approved a district court's determination to
"inquire into whether the parties had reached a settlement requiring *Cheeks* review,"
notwithstanding plaintiff's filing of a notice of voluntary dismissal without prejudice
under Rule 41(a)(1)(A)(i). *Id.*; *see also id.* at 810–11; *Perez v. Liberty Food Enterprises*, No.

21-CV-7340 (GHW), 2022 WL 1125622, at *2 (S.D.N.Y. Apr. 15, 2022) ("[T]he Court must evaluate such dismissals to ensure that they do not obscure a settlement."). Given the circumstances of this case and the remedial purposes of the FLSA, the Court finds that a measure of scrutiny is warranted to ensure that no settlement has been reached by the parties that would require *Cheeks* review.

## II.    Analysis

As an initial matter, the record does not provide a basis for concluding that Defendants would suffer plain legal prejudice from a dismissal without prejudice. "'Plain legal prejudice' includes 'the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed.'" *Ascentive*, 2012 WL 1569573, at *2 (quoting *Camilli*, 436 F.3d at 124). In this case, Defendants have neither asserted nor alluded to counterclaims in their answer, nor has Defendant Kang filed a response to the Court's orders directing her to set forth her position on whether voluntary dismissal under Rule 41(a)(2) is appropriate. (*See* Defs.' Answer, ECF No. 18; June 9, 2022 ECF Order; June 22, 2022 ECF Order.) *See also Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 8620716, at *3 (E.D.N.Y. Oct. 26, 2020), *report and recommendation adopted*, No. 18-CV-6613 (LDH) (SJB), 2021 WL 857396 (E.D.N.Y. Feb. 23, 2021). Further, even though "Defendants do not assert harm from continuing to litigate the case in another forum, that, too, would be insufficient." *Id.*; *see also Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) ("The United States Supreme Court and the Second Circuit have recognized that starting a litigation all over again does not constitute legal prejudice." (quotation marks omitted)).

In addition, none of the *Zagano* factors warrant denying Plaintiff's request. First, "Plaintiff was not unduly dilatory in bringing this motion and brought the motion in order to end to the litigation" shortly after Plaintiff determined it was no longer in his

interests to continue pursuing his claims. *Coffaro v. Crespo*, No. 08-CV-2025 (MKB), 2013 WL 623577, at *2 (E.D.N.Y. Feb. 19, 2013). Second, the request "was not made to harass or annoy" Defendants. *Catanzano*, 277 F.3d at 110; *see also Ascentive, LLC*, 2012 WL 1569573, at *5. Third, although the action has been pending for nearly two years, the case has not progressed past discovery and depositions have yet to be taken. As a result, Defendants' efforts and expense in preparation for trial have been relatively light, which in turn minimizes the risk of the duplicative expense of relitigation — the fourth *Zagano* factor. *See Luis v. Marabella Pizza, LLC*, No. 18-CV-4052 (FB) (VMS), 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, No. 18-CV-4052 (FB) (VMS), 2019 WL 4261616 (E.D.N.Y. Sept. 9, 2019).

Finally, as to the fifth factor, the adequacy of Plaintiff's explanation for the need to dismiss, the Court finds that, having supervised the recent pre-trial matters in this case, and in light of individual Defendant Jin Kang's failure to meaningfully participate in this litigation *pro se*, Plaintiff's stated reasoning is sufficient. (*See* Pl.'s June 23, 2022 Letter ECF No. 28 ("[P]laintiff simply wishes to discontinue the case in light of [the] cost that he will have to incur given the . . . uncertainty of . . . recovery of damages . . . even if he were to receive a judgment."); May 11, 2022 Tr., ECF No. 27, at 3:8–11 ("[Y]ou know, we just — we figured it's, you know, at this point, it's not really worth pursuing further. So we're going to dismiss the case.").) *See also, e.g., Romero v. Quality Facility Sols.*, No. 19-CV-4179 (LDH) (LB), 2021 WL 2593620, at *2 (E.D.N.Y. May 13, 2021) (permitting plaintiff to dismiss FLSA and NYLL claims under Rule 41(a)(2) after discussing with counsel), *report and recommendation adopted*, No. 19-CV-4179 (LDH) (LB), 2021 WL 2589719 (E.D.N.Y. June 24, 2021).

In addition, as noted above, Plaintiff has confirmed that the requested dismissal here does not involve any settlement, and that Plaintiff simply wishes to discontinue the

case due to the cost of litigation and the uncertainty of recovery, "even if he were to receive a judgment." (Pl.'s June 23, 2022 Letter, ECF No. 28.) Accordingly, given Plaintiff's confirmation that the anticipated dismissal here does not involve a settlement of his claims, the Court finds that the request for dismissal does not undermine the FLSA's remedial purposes.

Therefore, for all of the reasons contained herein, the undersigned Magistrate Judge respectfully recommends that Plaintiff's request to dismiss this case without prejudice be granted.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff's claims be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

*    *    *    *    *    *

Plaintiff's counsel is directed to serve a copy of this report and recommendation on both Plaintiff Ku and Defendant Kang by **July 8, 2022**, and to file proof of service with the Court by **July 12, 2022**. Any objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:  Brooklyn, New York
     July 6, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

9